IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Mainline Shipping Company, § <br> § <br> Plaintiff, § <br> § CIVIL ACTION _____ <br> vs. § <br> § IN ADMIRALTY, Rule 9(h) <br> Michigan Salt Products, LLC, § <br> § <br> Defendant, § <br> § <br> and § <br> § <br> Midwest Salt, LLC § <br> Pinney Dock & Transport, LLC § <br> Riverside Construction Materials, Inc. § <br> § <br> Garnishees. § | |

**VERIFIED COMPLAINT FOR RECOGNITION AND ENFORCEMENT OF
FINAL MARITIME ARBITRATION AWARD
WITH REQUEST FOR ISSUE OF
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Mainline Shipping Company ("Mainline") brings this action against Michigan Salt Products, LLC ("MSP") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against Garnishees and states as follows:

**Jurisdiction and Venue**

1.  This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h). Mainline further brings this action pursuant to 9 U.S.C. §§ 1, 8 for security for arbitration which Mainline against MSP in London pursuant to a vessel charter party between Mainline and MSP as more fully detailed below, and the final award issued April 7, 2022 ("Final Arbitral Award") in that arbitration.

2. Venue is proper in this District because the Garnishees are within the meaning of Supplemental Rule B located, can be found, and/or can be served with process in this District.

3. Venue is also proper in this District because MSP's property is or soon will be in this District, namely, accounts payable from Garnishees to MSP.

4. MSP cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

5. Mainline is a Cyprus corporation and the disponent owner at all pertinent times of the ocean bulk cargo vessel M/V EFI THEO ("Vessel"). MSP is a Michigan corporation.

6. Garnishees each are entities with offices or agents located in this District which, on information and belief as detailed below, Mainline reasonably believes hold accounts which are the property of and/or owing to MSP.

## Facts

7. The Vessel was time chartered by Mainline to MSP by a charter party dated January 6, 2021, for the carriage of salt from Termisa, Brazil to Port Harcourt, Nigeria.

8. The charter party required MSP to pay various charges for security and insurance, in addition to $13,500 daily hire charge for the Vessel.

9. Mainline delivered the Vessel to MSP at Termisa on January 6, 2021, and MSP re-delivered the Vessel to Mainline on February 23, 2021 after unloading at Port Harcourt, Nigeria.

10. After redelivery, Mainline provided to MSP a Hire Statement computed according to the charter party. Despite repeated demand, MSP did not pay the Hire Statement, and Mainline consequently as provided by the charter party, initiated London arbitration against MSP, serving the arbitral demand on MSP as the charter party provided.

11.     On April 7, 2022, the Arbitrator issued the Final Arbitral Award, which is **Exhibit A hereto**, in favor of Mainline ("Owners") as follows:

(A)     I AWARD, DETERMINE AND DECLARE that, under and in accordance with the terms of the charterparty, the Owners are entitled to an outstanding balance in their favour in the sum of US$ 80,834.71 and no more.

(B)     I FURTHER AWARD, DETERMINE AND DECLARE that, save to the extent that appears from the terms of this Award – including sub-paragraph (A), above – the Charterers claims and counterclaims fail and are dismissed.

(C)     ACCORDINGLY, I AWARD AND ADJUDGE that the Charterers shall forthwith pay to the Owners the aforesaid sum of US$ US$ 80,834.71.

(D)     I FURTHER AWARD, DETERMINE AND ADJUDGE that, upon the aforesaid sum of US$ US$ 80,834.71 the Charterers shall pay to the Owners interest at the rate of 5 % a year compounded with three monthly rests from 10 March 2021 until the date of payment.

(E)     I FURTHER AWARD AND DETERMINE that the costs of this Award, namely £ 4,000.00, previously paid by the Owners, shall forthwith be paid by the Charterers to the Owners

(F)     I FURTHER AWARD AND DETERMINE that the Charterers shall bear and pay their own and the Owners' costs of the reference, and I assess the Owners' recoverable costs in the sum of £ 5,350.00, inclusive of the LMAA Administrative Fee of £350.00 already paid by the Owners.

(G)     I FURTHER AWARD AND ADJUDGE that, in event that the sums payable by the Charterers in accordance with sub-paragraphs (E) and (F), above, or any part thereof shall remain unpaid after 14 days from the date of this Award the sum outstanding shall bear interest at the annual rate of 5 % a year compounded with three monthly rests from the 15th day after the making of this Award until the date of payment.

### Count I – Recognition and Enforcement of Arbitral Award

12.     Mainline repeats the foregoing paragraphs.

13.     Pursuant to the contract between MSP and Mainline, the arbitration has resulted in the award described above.  This Court should recognize and enter judgment on the award, as demanded below.

**Count II – Maritime Attachment and Garnishment (Rule B)**

14. Mainline incorporates the above paragraphs as if fully set forth herein.

15. Mainline seeks issue of process of maritime attachment so that it may obtain security for the final judgment which this Court will bring in recognition and enforcement of the arbitral award, including its contractual attorneys' fees and costs.

16. No security for Mainline's claims including the arbitral award has been posted by MSP or anyone acting on its behalf.

17. MSP cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction, namely, accounts owed MSP by garnishees.

**Prayer for Relief**

WHEREFORE, Mainline prays:

A. That in response to Count I, process of maritime attachment be issued to garnish and attach property of MSP, including but not limited to, accounts payable owed or to be owed from garnishees to MSP in the amount of at least **$167,847.87** ($92,847.87 as set out in the arbitral award, with the components of damages of $ 80,834.71, arbitral costs of GBP 4000 = $5139.32, and Owners' costs of GBP 5350 = $6873.84, plus a further amount for accrued and accruing interest, costs and attorneys' fees of at least $75,000) in security of Mainline's claims for satisfaction of the arbitral award;

B. That this Court recognize the arbitral award and enter judgment against MSP in the amount of at least $92,847.87, plus all accrued attorneys fees, costs and interest to the date of the award;

  C. That in response to Count II since MSP cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of MSP's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Mainline's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

  D. That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

  E. That this Court award Plaintiff such other and further relief that this Court deems just and proper.

    YOUNG CONAWAY STARGATT & TAYLOR LLP

    */s/ Timothy Jay Houseal*
    Timothy Jay Houseal (Del. Bar ID No. 2880)
    Rodney Square
    1000 North King Street
    Wilmington, DE 19801
    (302) 571-6682
    thouseal@ycst.com

    *Attorneys for Mainline Shipping Company*

**OF COUNSEL**

J. Stephen Simms
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Telephone: (410) 783-5795
Facsimile: (410) 510-1789
jssimms@simmsshowers.com
Dated: April 22, 2022

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to Mainline.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Mainline made available to me by Mainline.   Mainline's authorized officers are not readily available in this District to make verifications on Mainline's behalf.   I am authorized to make this verification on Mainline's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for defendant MSP in this District.

> Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.
>
> Executed on April 22, 2022.
>
> */s/ J. Stephen Simms*
> J. Stephen Simms
> Simms Showers LLP
> 201 International Circle
> Baltimore, Maryland 21030
> Tel:   410-783-5795
> Email: jssimms@simmsshowers.com